# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JAMES EARL HOLMES,

        Petitioner,

v.

        Case No. 11-CV-0324
                (03-CR-0191)

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On March 12, 2004, this court sentenced the petitioner, James Earl Holmes ("Holmes"), to a term of 180 months after Mr. Holmes plead guilty to one count of unlawfully transporting firearms in violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (03-CR-0191 Docket #18). Holmes' sentence was the product of the Armed Career Criminal Act ("ACCA"), which requires the imposition of a minimum mandatory sentence of 180 months where the defendant stands convicted of a violation of 18 U.S.C. § 922(g) and at the same time has "three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Mr. Holmes' plea agreement noted three prior offenses that he committed that each constituted a "violent felony" within the meaning of the ACCA: (1) battery by a prisoner; (2) substantial battery; and (3) manufacture or delivery of a controlled substance. (03-CR-0191 Docket #17). On April 4, 2011, the petitioner filed a motion to vacate, set aside, or correct the sentence he is serving, pursuant to 28 U.S.C. § 2255, raising two grounds for relief. (Docket #1). First, Mr. Holmes contends that "all three prior [convictions that were]

used against [Holmes] to sentence [him] had nothing to do with what [he] was indicted for and all three where [sic] state convictions none federal." (Docket #1 at 4). Second, Mr. Holmes argues that there was "prosecution abuse" or the sentence imposed was in violation of the double jeopardy clause of the Fifth Amendment, in that the sentence imposed by this court "had nothing to do with the sentencing guidelines but [the petitioner's] own history / priors." *Id.* at 5. Mr. Holmes' two grounds for relief are the same: he contends that he should not have been sentenced to 180 months in prison based on his prior state law convictions. Unfortunately for Mr. Holmes, the ACCA mandates exactly what he complains of: enhancing a punishment for a violation of 18 U.S.C. § 922(g) based on prior convictions. 18 U.S.C. § 924(e). Moreover, the Seventh Circuit has already ruled that sentence enhancements for "career criminals" do not run afoul of the double jeopardy clause. *United States v. Hudspeth*, 42 F.3d 1015, 1025 (7th Cir. 1994). In short, none of the petitioner's grounds for relief are viable means to vacate his sentence under Section 2255.

However, the court need not even rule on the merits of the petition in dismissing this case. Mr. Holmes' judgment of conviction was filed on March 12, 2004. He never appealed (03-CR-0191 Docket #27), and the judgment became final 10 days later. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (finding that an unappealed judgment of conviction becomes final for § 2255 purposes 10 business days after entry, when the time for filing a direct appeal expires). Thus, the one year statute of limitations on Mr. Holmes' Section 2255

petition expired in March of 2005. Mr. Holmes did not file his current petition until April of this year, more than six years too late. The statute of limitations for seeking Section 2255 relief can be equitably tolled if the movant demonstrates that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance out of his control prevented timely filing. *Holland v. Florida*, ___, U.S. ___, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (regarding § 2254 motion); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). However, equitable tolling "is an extraordinary remedy reserved for truly exceptional situations." *Nolan v. United States*, 358 F.3d 480, 486 (7th Cir. 2004). In this case, Mr. Holmes concedes in his petition that he has no excuses for not filing his petition within a year of when his judgment of conviction became final. (Docket #1 at 12) ("I was in the process of exhausting other avenues, I really have no excuses, only 'hope.'"). Given this concession, the court is obliged under Rule 4 of the Rules Governing § 2255 proceedings to summarily dismiss the petitioner's motion, as "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court."

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present motion. As a consequence, the court must deny a certificate of appealability as to the petitioner's motion.

Accordingly,

**IT IS ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner's motion be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2011.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge